UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CULLEN DUANE KENNEDY, | Case No. 18-CV-0075 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| YOUTH SERVICES INTERNATIONAL HOLDINGS, INC., et al., | |
| Defendants. | |

Jeffrey S. Storms and Andrew M. Irlbeck, NEWMARK STORMS LAW OFFICE LLC; and Jeffrey M. Montpetit and Marcia K. Miller, SIEBENCAREY, P.A., for plaintiff.

Daniel J. Heuel, O'BRIEN & WOLF, LLP, for defendants.

In 2012, plaintiff Cullen Duane Kennedy was admitted to Elmore Academy, a juvenile-detention facility operated by defendants Youth Services International Holdings, Inc., and Youth Services International, Inc. (collectively, "YSI"). Am. Compl., ECF No. 1, ¶¶ 14, 45. At a hearing conducted shortly after his admission, Kennedy reported to a state-court judge that he had been threatened by another detainee and feared for his life. *Id.* ¶ 54. The judge instructed that extra precautions be put in place to protect Kennedy. *Id.* ¶¶ 57, 61. Two of those present at the hearing—a county attorney and a representative of the Department of Corrections—relayed the judge's instruction to Elmore Academy. *Id.* ¶¶ 58-60. The judge's instruction was disregarded,

however.  No extra precautions were taken, and Kennedy was severely assaulted by other inmates.  *Id.* ¶¶ 65-66.

Kennedy brought this action against YSI and certain of its employees (the "Individual Defendants"), asserting claims under both 42 U.S.C. § 1983 and state law.  Specifically, Kennedy alleges that the Individual Defendants violated his rights under the Fourteenth Amendment by acting with deliberate indifference to a substantial risk of serious harm to him.  *See id.* ¶¶ 54-67, 81-84.  Kennedy also alleges that YSI should be held liable under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), because YSI intentionally understaffed its facilities despite knowing of a high level of violence suffered by juveniles detained in those facilities.  *See id.* ¶¶ 28-31, 74-76, 88-91.

This matter is before the Court on defendants' motion to dismiss plaintiff's § 1983 claims.  ECF No. 33.  A hearing was held on May 16, 2018.  For the reasons stated on the record at the hearing, the Court grants in (small) part and denies in (large) part defendants' motion.  Specifically, defendants' motion is granted insofar as it pertains to plaintiff's failure-to-train claim, as the complaint does not include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Defendants' motion is denied in all other respects.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motion to dismiss [ECF No. 33] is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' motion is GRANTED with respect to plaintiff's inadequate-training claim under 42 U.S.C. § 1983. That claim is DISMISSED WITHOUT PREJUDICE.

2. Defendants' motion is DENIED in all other respects.

Dated: May 17, 2018               s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge