## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Cullen Duane Kennedy, | Civ. No. 18-75 (PJS/BRT) |
| Plaintiff, | |
| v. | **ORDER AND NOTICE OF HEARING** |
| Youth Services International Holdings, Inc., individually and d/b/a Elmore Academy; Youth Services International, Inc., individually and d/b/a Elmore Academy; Timothy Mauer, David Klabunde, Karen Klabunde, Scott Vaske, and John Does 1–5, in their individual capacities, | |
| Defendants. | |

On May 15, 2018, counsel for Plaintiff contacted the undersigned's chambers to report that it was recently discovered that documents belonging to a defendant and subject to discovery may be auctioned to a third party. Apparently, these documents were recently discovered in a storage locker. Plaintiff's counsel was directed to immediately meet and confer with the lawyers for all parties to determine what, if any, relief might be sought from the Court. The same day, counsel called chambers to report that the issue had been resolved. The next day, questions about the documents were raised again during a hearing before Judge Patrick Schiltz. Hearing this, the undersigned requested a conference call, which was held at 1:00 p.m. on Wednesday, May 16, 2018.

During that call, the undersigned learned from counsel that Elmore Academy documents had been auctioned to a third party. According to counsel for Elmore Academy, the discovery of these documents and the auction was a surprise. As counsel

explained, Elmore Academy believed that all of its documents had been destroyed some time ago. At this point, there has been no explanation as to how or why these documents were retained. After discussion, counsel for Elmore Academy agreed to take immediate steps to attempt to secure the documents so they could be protected and preserved. Specifically, Elmore Academy's counsel agreed to immediately attempt to contact the third party to confirm that the documents were secured, preserved, and not further distributed. All counsel agreed to submit an update to the Court on Thursday, May 17, 2018.

On Thursday, May 18, 2018, counsel reported that the documents were secured in a locked and dry facility and that the third party agreed not to destroy them. The Court, however, also learned that the third party had already destroyed some of the documents before connecting with Defendant's counsel. The undersigned has no information about what then happened. Counsel sought another telephone conference to take place early next week. A telephone conference was set for Monday, May 21, 2018, at 10:00 a.m..

While this Court appreciates the update, inexplicably, neither side has formally requested any type of preservation order or protective order from this Court after learning more about the status of the documents and partial destruction. This Court believes a protective order is appropriate given the likelihood that they will be subject to discovery and that the documents may contain confidential information. A preservation order is also appropriate under the circumstances known to date to ensure that third parties in possession of discoverable documents understand the importance of confidentiality and

preservation. The Court appreciates that the third parties may have had no idea that Elmore Academy documents were purchased in the auction.

The parties agree that the documents may be responsive to future discovery requests. The Court has the inherent authority to issue a protective and preservation order *sua sponte*. *See* Fed. R. Civ. P. 26(c); *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The "Documents" are defined as the Elmore Academy documents found in the storage locker;

2. Until further ordered, the Documents must be treated as confidential because they may include personal information subject to protection pursuant to a rule, statute, law, contract or other obligation to keep the information confidential;

3. Until further ordered, the Documents must be preserved;

4. Until further ordered, the Documents or information contained in the Documents must not be further distributed except as permitted by this Order;

5. Until further ordered, only outside counsel for the parties in this case may review the Documents and all information must be kept confidential;

6. Until further ordered, third parties having possession of the Documents must not disclose or share the Documents with anyone other than this Court and counsel of record in this case. Defendants' counsel is responsible for coordinating hand delivery of a copy of this Order to all known third parties having possession of the Documents no later than Friday, May 18, 2018;

7.      Defendants' counsel must work with Plaintiff's counsel to prepare a plan and proposed order that will preserve the Documents and also operate to protect any confidential information from further disclosure;

8.      A stipulation and propose order is due by 8:00 a.m. (CST) on **Monday, May 21, 2018**; and

9.      A telephone hearing is scheduled for **Monday, May 21, 2018** at **10:00 a.m. (CST)**.

Date: May 18, 2018.                     *s/ Becky R. Thorson*_____
                                        BECKY R. THORSON
                                        United States Magistrate Judge

4