UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cullen Duane Kennedy,

                     Plaintiff,

vs.

Youth Services International
Holdings, Inc., individually and d/b/a
Elmore Academy, Youth Services International, Inc.,
individually and d/b/a Elmore Academy, Timothy J.
Mauer, in his individual capacity, David Klabunde, in his
individual capacity, Karen Klabunde, in her individual
capacity, Scott Vaske, and John Does 1 – 5.

                     Defendants.

Civ. No. 18-cv-00075 (PJS/BRT)

**SUPPLEMENTAL
PROTECTIVE ORDER**

A status conference was held on May 21, 2018 pursuant to this Court's May 18, 2018 Order and Notice of Hearing. (Doc. No. 58.) That order related to the discovery of Elmore Academy documents (the "Documents") found in a storage locker and auctioned to a private third party (the "Third Party"). The Third Party was unaware of the significance of the Documents to this lawsuit. The Order and Notice of Hearing provided for the preservation and protection of the Documents. (*See id.*)

The Court learned at the May 21, 2018 hearing that the Third Party had also purchased a number of computer devices at the storage locker auction, including printers (the "Electronic Devices"). It is unknown whether Elmore Academy documents or data are stored on the Electronic Devices. Through counsel, the Court understands that the Third Party wishes to transfer the Documents to counsel for Youth Services International,

individually and d/b/a/ Elmore Academy (counsel for "YSI"). The Court also understands, through counsel, that the Third Party hopes to keep the Electronic Devices. The Court expects, however, that any Elmore Academy documents or data will be preserved to a back-up and permanently deleted from the Electronic Devices before the Third Party accesses the Electronic Devices. This Supplemental Protective and Preservation Order therefore is issued to facilitate the transfer of the Documents and to ensure that any Elmore Academy documents or data residing on the Electronic Devices is handled appropriately to preserve discoverable material and to protect other third parties. The work relating to the Electronic Devices will involve a few steps, including: (1) preservation of the data; (2) back-up; and (3) proper deletion of the data from the Electronic Devices. Counsel are in the process of working with the Third Party and IT professionals to confirm an appropriate plan to allow these steps without unnecessary burden on the Third Party owner of the Electronic Devices. This Court appreciates the cooperation of the Third Party.

Upon the parties' Stipulation for Protective Order (Doc. No. 59) for an order Pursuant to Federal Rule of Civil Procedure 26(c) that seeks to preserve and protect confidential information, it is hereby ORDERED THAT:

1.   The Third Party is permitted to transfer custody and control over the Documents to YSI's counsel, including any delivery or courier service acting as an agent of YSI's counsel in order to effectuate the transfer of the Documents. Counsel or its delivery or courier service shall prepare an inventory of the number of Document boxes transferred and this inventory must be signed and dated by the Third Party. The inventory

must be kept by YSI's counsel and copies must be provided to counsel of record in this case;

2. The Third Party is permitted to temporarily transfer custody and control over the Electronic Devices to YSI's counsel, including any delivery or courier service acting as an agent of YSI's counsel in order to effectuate the temporary transfer of the Electronic Devices so that any stored data may be preserved and a back-up can be created before the Electronic Devices are wiped clear of such data. YSI, and not the Third Party is responsible for the costs of preservation, back-up and ensuring that the Electronic Devices are returned to the Third Party clear of any Elmore Academy data. Counsel or its delivery or courier service shall prepare an inventory of the Electronic Devices temporarily transferred and this inventory must be signed and dated by the Third Party. The inventory must be kept by YSI's counsel and copies must be provided to counsel of record in this case;

3. YSI's counsel shall be responsible for maintaining the Documents, the Electronic Devices, and any data from the Electronic Devices at YSI's expense in a secure facility under an Attorneys' Eyes Only restriction, with access limited to YSI's counsel and approved agents. YSI's delivery agents must be given copies of this Court's May 18, 2018 Order and Notice of Hearing (Doc. No. 58) and this Supplemental Protective Order and must agree not to open boxes and review the Documents. YSI's IT agents must be given copies of this Court's May 18, 2018 Order and Notice of Hearing (Doc. No. 58), and must also sign a Declaration, attached as Exhibit A, agreeing to be bound by the May 18, 2018 Order (Doc. No. 58) and this Supplemental Protective Order;

4.Confidentially and via email, YSI's counsel shall identify to the Court and Plaintiff's counsel the secured facility to which the Documents, Electronic Devices and any back-up data from the Electronic Devices will be moved;

5.YSI's counsel shall make all reasonable efforts to move the Documents and Electronic Devices to the secured facility as soon as possible, but no later than Friday, May 25, 2018, and shall inform the Court and Plaintiff's counsel confidentially, via email when the transfer of the Documents and Electronic Devices is complete;

6.No other person or party shall be permitted to view or control the Documents, the Electronic Devices, or any Elmore Academy documents or data residing on the Electronic Devices, absent further order by this Court;

7.If YSI's counsel is contacted about review or control of the Documents or Electronic Devices, they must immediately meet and confer with counsel in this case and also immediately inform the Court;

8.The parties must meet and confer regarding a new protective order in advance of the forthcoming pretrial conference with respect to the handling of Documents and Electronic Devices; and

9.Counsel for YSI must provide the Third Party with a copy of this Supplemental Protective Order.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2018.

*s/ Becky R. Thorson*
BECKY R. THORSON
U. S. Magistrate Judge

# EXHIBIT A

# WRITTEN ASSURANCE OF IT PROFESSIONAL

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Order and Notice of Hearing dated May 18, 2018, and also the Supplemental Protective Order dated May 22, 2018 (collectively the "Protective Order"), filed in Kennedy v. Youth Services International Holdings, Inc., et al., Case No. 0:18-cv-00075-PJS-BRT, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any Documents, or the contents of such Documents, to any person other than those specifically authorized to possess such Documents by the Protective Order. I shall not copy or use such Documents except pursuant to the terms of the Protective Order.

I also shall not divulge any Elmore Academy documents or data residing on the Electronic Devices, or the contents of such Elmore Academy documents or data, to any

person other than those specifically authorized to possess such Elmore Academy documents or data by the Protective Order. I shall not copy or use such Elmore Academy documents or data residing on the Electronic Devices except pursuant to the terms of the Protective Order.

    I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____    _____
               (Date)                                    (Signature)